UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

Case No. 6:13-cv-1965-Orl-36DAB

RANITA FERRELL, DAWN CEFALI,
KATHLEEN CEFALI, DAVID CHEESMAN,
ERICA COLE, JANELISE GASTEL,
ILENE HARVEY, PHYLLIS LEONARD,
TAMARA LOVETT, ALINDALE LOUIS,
SARAH NASH, LUCILLE FILIPS,
STEVEN RODRIGUEZ, ANNA RODRIGUEZ,
JOHN TERRELL, DAVID WALSH,
ASHLEY WILSON, and JOHNNY WILSON,
individually and on Behalf of all
others similarly situated,

      Plaintiffs,

vs.

WEINSTEIN, PINSON & RILEY, P.S.,
a foreign professional association, and
ANTHONY D. COLUNGA, an
Individual,

      Defendants.

_____/

# CLASS ACTION COMPLAINT
# AND DEMAND FOR JURY TRIAL

Plaintiffs, DAWN CEFALI, KATHLEEN CEFALI, DAVID CHEESMAN, ERICA

COLE, RANITA FERRELL, JANELISE GASTEL, ILENE HARVEY, PHYLLIS LEONARD,

TAMARA LOVETT, ALINDALE LOUIS, SARAH NASH, LUCILLE FILIPS, STEVEN

RODRIGUEZ, ANNA RODRIGUEZ, JOHN TERRELL, DAVID WALSH, ASHLEY WILSON,

and JOHNNY I. WILSON, by and through their undersigned counsel, hereby file their Class

*Ferrell, et al. v. Weinstein, Pinson, & Riley, P.S., et al.*
Page 2

Action Complaint and Demand for Jury, on behalf of themselves, and a putative class, sue the

Defendants, WEINSTEIN, PINSON & RILEY, P.S. and ANTHONY D. COLUNGA, and allege

as follows:

1.      This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. §§1692-1692o, and the Florida Consumer Collection Practices Act seeking actual

damages, statutory damages, attorney's fees and costs.

2.      This Court has jurisdiction under Fair Debt Collection Practices Act 28 U.S.C. §

1331 and 15 U.S.C. § 1692k.   Venue in this District is proper because a majority of the Plaintiffs

reside in this District and Defendants do business in this District.

3.      Plaintiffs bring this action for illegal practices of Defendants,

WEINSTEIN, PINSON & RILEY and ANTHONY D. COLUNGA, who each used false,

deceptive and misleading practices, and other illegal practices, in connection with their

attempts to collect an alleged debt from the Plaintiffs.

4.      Plaintiffs allege that the Defendants, WEINSTEIN, PINSON & RILEY and

ANTHONY D. COLUNGA, and their respective debt collector employees, violated the

Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Florida

Consumer Collection Practices Act, Fla. Stat. §§ 559, et seq. ("FCCPA").

5.      The FDCPA regulates the behavior of collection agencies attempting to

collect a debt on behalf of another.   The United States Congress has found abundant

evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt

collectors, and has determined that abusive debt collection practices contribute to a number

*Ferrell, et al. v. Weinstein, Pinson, & Riley, P.S., et al.*
Page 3

_____

of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.

Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to

ensure that those debt collectors who refrain from using abusive debt collection practices are not

competitively disadvantaged, and to promote uniform State action to protect consumers against

debt collection abuses. 15 U.S.C. §§ 1692(a) - (e).

      6.      The FDCPA is a strict liability statute, which provides for actual or statutory

damages upon the showing of one violation.   The Eleventh Circuit has held that whether a debt

collector's conduct violates the FDCPA should be judged from the standpoint of the "least

sophisticated consumer."   *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010).

      7.      To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. §

1692d, provides that a debt collector may not engage in any conduct the natural consequence of

which is to harass, oppress, or abuse any person in connection with the collection of a debt and

names a non-exhaustive list of certain per se violations of harassing and abusive collection

conduct.   15 U.S.C. § 1692d(1)-(6).

      8.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use

of false, deceptive, and misleading collection statements and names a non-exhaustive list of certain

per se violations of false and deceptive collection conduct. 15 U.S.C. §§1692e (1)-(16).

## I.  PLAINTIFFS

      9.      At all times relevant to this Complaint, each of the Plaintiffs was a natural person

residing in the State of Florida.

      10.      At all times relevant to this Complaint, each Plaintiff was a "consumer" as that term

*Ferrell, et al. v. Weinstein, Pinson, & Riley, P.S., et al.*
Page 4

is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.

11.     At all times relevant to this Complaint, each Plaintiff was a "debtor" as that term is defined by Fla. Stat. § 559.55(2).

12.     Plaintiffs are each alleged to have incurred financial obligations for primarily personal, family, or household purposes, which is, therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

## II. DEFENDANTS

13.     Defendant, WEINSTEIN, PINSON & RILEY, P.S., is a Washington State professional association having its principal place of business at 2001 Western Avenue, Suite 400, Seattle, WA and at all times relevant to this Complaint, collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

14.     Defendant, WEINSTEIN, PINSON & RILEY, P.S., is doing business in the State of Florida but has failed to appoint an agent for service of process in Florida.   Accordingly, WEINSTEIN, PINSON & RILEY can be served under the Florida Long Arm Statutes, §§48.193 and 48.194, Florida Statutes.   Defendant is subject to this Court's specific and general personal jurisdiction under due process and/or the Florida Long Arm Statute due at least to defendant's substantial business in this forum, including regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Florida.

*Ferrell, et al. v. Weinstein, Pinson, & Riley, P.S., et al.*
Page 5

_____

15.    Defendant, ANTHONY D. COLUNGA, is a Florida licensed attorney who signed all of the subject Complaints initiating lawsuits against the Plaintiffs herein which are the basis of this lawsuit.

16.    All acts or omissions of Defendant, ANTHONY D. COLUNGA, were within the scope of his employment with WEINSTEIN, PINSON & RILEY or were otherwise authorized by WEINSTEIN, PINSON & RILEY.

17.    Defendant, WEINSTEIN, PINSON & RILEY, is vicariously liable for the actions of Defendant, ANTHONY D. COLUNGA.   *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994).

18.    WEINSTEIN, PINSON & RILEY, P.S. is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

19.    Defendant, ANTHONY D. COLUNGA, is doing business in the State of Florida but has failed to appoint an agent for service of process in Florida.   Accordingly, ANTHONY D. COLUNGA, can be served under the Florida Long Arm Statutes, §§48.193 and 48.194, Florida Statutes.   Defendant is subject to this Court's specific and general personal jurisdiction under due process and/or the Florida Long Arm Statute due at least to defendant's substantial business in this forum, including regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Florida.

*Ferrell, et al. v. Weinstein, Pinson, & Riley, P.S., et al.*
Page 6

20.     Defendant, ANTHONY D. COLUNGA, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

### III.  FACTS

21.     All Plaintiffs herein are each alleged to have incurred financial obligations in the form of student loans and each is alleged to have defaulted on that obligation.

22.     On August 24, 2013, Defendants filed a Complaint against Plaintiff, ERICA COLE, in Volusia County, Florida, Case No. 2013-CC-22399, seeking monetary relief based on an alleged a default on a student loan with National Collegiate Student Loan Trust.

23.     On August 24, 2013, Defendants filed a Complaint against Plaintiff, ERICA COLE, in Volusia County, Florida, Case No. 2013-CC-22400, seeking monetary relief based on an alleged a default on a student loan with National Collegiate Student Loan Trust.

24.     On August 17, 2013, Defendants filed a Complaint against Plaintiff, RANITA FERRELL, in Orange County, Florida, Case No. 2013-CC-10633-O, seeking monetary relief based on an alleged a default on a student loan with National Collegiate Student Loan Trust.

25.     On August 17, 2013, Defendants filed a Complaint against Plaintiff, PHYLLIS LEONARD, in Orange County, Florida, Case No. 2013-CC-10633-O, seeking monetary relief based on an alleged a default on a student loan with National Collegiate Student Loan Trust.

*Ferrell, et al. v. Weinstein, Pinson, & Riley, P.S., et al.*
Page 7

_____

26.     On August 15, 2013, Defendants filed a Complaint against Plaintiff, DAWN CEFALI, in Indian River County, Florida, Case No. 2013-CA-000181, seeking monetary relief based on an alleged a default on a student loan with National Collegiate Student Loan Trust.

27.     On August 15, 2013, Defendants filed a Complaint against Plaintiff, DAWN CEFALI, in Indian River County, Florida, Case No. 2013-CA-000182, seeking monetary relief based on an alleged a default on a student loan with National Collegiate Student Loan Trust.

28.     On August 15, 2013, Defendants filed a Complaint against Plaintiff, DAWN CEFALI, in Indian River County, Florida, Case No. 2013-CA-000183, seeking monetary relief based on an alleged a default on a student loan with National Collegiate Student Loan Trust.

29.     On August 15, 2013, Defendants filed a Complaint against Plaintiff, DAWN CEFALI, in Indian River County, Florida, Case No. 2013-CA-000184, seeking monetary relief based on an alleged a default on a student loan with National Collegiate Student Loan Trust.

30.     On August 15, 2013, Defendants filed a Complaint against Plaintiff, KATHLEEN CEFALI, in Indian River County, Florida, Case No. 2013-CA-000181, seeking monetary relief based on an alleged a default on a student loan with National Collegiate Student Loan Trust.

31.     On August 15, 2013, Defendants filed a Complaint against Plaintiff, KATHLEEN CEFALI, in Indian River County, Florida, Case No. 2013-CA-000182, seeking monetary relief based on an alleged a default on a student loan with National Collegiate Student Loan Trust.

32.     On August 15, 2013, Defendants filed a Complaint against Plaintiff, KATHLEEN CEFALI, in Indian River County, Florida, Case No. 2013-CA-000183, seeking monetary relief based on an alleged a default on a student loan with National Collegiate Student Loan Trust.

*Ferrell, et al. v. Weinstein, Pinson, & Riley, P.S., et al.*
Page 8

---

33.     On August 15, 2013, Defendants filed a Complaint against Plaintiff, KATHLEEN CEFALI, in Indian River County, Florida, Case No. 2013-CA-000184, seeking monetary relief based on an alleged a default on a student loan with National Collegiate Student Loan Trust.

34.     On October 23, 2013, Defendants filed a Complaint against Plaintiff, DAVID CHEESMAN, in Orange County, Florida, Case No. 2013-CA-0012838-O, seeking monetary relief based on an alleged a default on a student loan with National Collegiate Student Loan Trust.

35.     On October 23, 2013, Defendants filed a Complaint against Plaintiff, DAVID CHEESMAN, in Orange County, Florida, Case No. 2013-CA-0012856-O, seeking monetary relief based on an alleged a default on a student loan with National Collegiate Student Loan Trust.

36.     On October 23, 2013, Defendants filed a Complaint against Plaintiff, DAVID CHEESMAN, in Orange County, Florida, Case No. 2013-CA-0012862-O, seeking monetary relief based on an alleged a default on a student loan with National Collegiate Student Loan Trust.

37.     On November 27, 2013, Defendants filed a Complaint against Plaintiff, JANELISE GASTELL, in Volusia County, Florida, Case No. 2013 13315 CIDL, seeking monetary relief based on an alleged a default on a student loan with National Collegiate Student Loan Trust.

*Ferrell, et al. v. Weinstein, Pinson, & Riley, P.S., et al.*
Page 9

_____

38.     On November 27, 2013, Defendants filed a Complaint against Plaintiff, JANELISE

GASTELL, in Volusia County, Florida, Case No. 2013 13333 CIDL, seeking monetary relief

based on an alleged a default on a student loan with National Collegiate Student Loan Trust.

39.     On August 14, 2013, Defendants filed a Complaint against Plaintiff, ILENE

HARVEY, in Leon County, Florida, Case No. 2013-CA-2278, seeking monetary relief based on

an alleged a default on a student loan with National Collegiate Student Loan Trust.

40.     On October 17, 2013, Defendants filed a Complaint against Plaintiff, ILENE

HARVEY, in Leon County, Florida, Case No. 2013-CA-2907, seeking monetary relief based on

an alleged a default on a student loan with National Collegiate Student Loan Trust.

41.     On October 17, 2013, Defendants filed a Complaint against Plaintiff, ILENE

HARVEY, in Leon County, Florida, Case No. 2013-CA-2208, seeking monetary relief based on

an alleged a default on a student loan with National Collegiate Student Loan Trust.

42.     On October 1, 2013, Defendants filed a Complaint against Plaintiff, TAMARA

LOVETT, in Hillsborough County, Florida, Case No. 2013-CA-012361, seeking monetary relief

based on an alleged a default on a student loan with National Collegiate Student Loan Trust.

43.     On August 20, 2013, Defendants filed a Complaint against Plaintiff, ALINDALE

LOUIS, in Broward County, Florida, Case No. 2013-CA-019388, seeking monetary relief based

on an alleged a default on a student loan with National Collegiate Student Loan Trust.

44.     On August 24, 2013, Defendants filed a Complaint against Plaintiff, SARA NASH,

in Orange County, Florida, Case No. 2013-CA-12574, seeking monetary relief based on an alleged

a default on a student loan with National Collegiate Student Loan Trust.

*Ferrell, et al. v. Weinstein, Pinson, & Riley, P.S., et al.*
Page 10

---

45.     On August 24, 2013, Defendants filed a Complaint against Plaintiff, LUCILLE FILIPS, in Orange County, Florida, Case No. 2013-CA-12574, seeking monetary relief based on an alleged a default on a student loan with National Collegiate Student Loan Trust.

46.     On October 24, 2013, Defendants filed a Complaint against Plaintiff, STEVEN RODRIGUEZ, in Orange County, Florida, Case No. 2013-CA-12885-O, seeking monetary relief based on an alleged a default on a student loan with National Collegiate Student Loan Trust.

47.     On October 24, 2013, Defendants filed a Complaint against Plaintiff, STEVEN RODRIGUEZ, in Orange County, Florida, Case No. 2013-CA-12886-O, seeking monetary relief based on an alleged a default on a student loan with National Collegiate Student Loan Trust.

48.     On October 24, 2013, Defendants filed a Complaint against Plaintiff, ANNA RODRIGUEZ, in Orange County, Florida, Case No. 2013-CA-12885-O, seeking monetary relief based on an alleged a default on a student loan with National Collegiate Student Loan Trust.

49.     On October 24, 2013, Defendants filed a Complaint against Plaintiff, ANNA RODRIGUEZ, in Orange County, Florida, Case No. 2013-CA-12886-O, seeking monetary relief based on an alleged a default on a student loan with National Collegiate Student Loan Trust.

*Ferrell, et al. v. Weinstein, Pinson, & Riley, P.S., et al.*
Page 11

50.     On October 11, 2013, Defendants filed a Complaint against Plaintiff, JOHN

TERRELL, in Hillsborough County, Florida, Case No. 2013-CA-12749, seeking monetary relief

based on an alleged a default on a student loan with National Collegiate Student Loan Trust.


51.     On August 26, 2013, Defendants filed a Complaint against Plaintiff, DAVID

WALSH, in Volusia County, Florida, Case No. 2013-22389-CONS, seeking monetary relief based

on an alleged a default on a student loan with National Collegiate Student Loan Trust.

52.     On October 15, 2013, Defendants filed a Complaint against Plaintiff, ASHLEY

WILSON, in Brevard County, Florida, Case No. 2013-CC-37911, seeking monetary relief based

on an alleged a default on a student loan with National Collegiate Student Loan Trust.

53.     On October 15, 2013, Defendants filed a Complaint against Plaintiff, ASHLEY

WILSON, in Brevard County, Florida, Case No. 2013-CC-37986, seeking monetary relief based

on an alleged a default on a student loan with National Collegiate Student Loan Trust.

54.     On October 15, 2013, Defendants filed a Complaint against Plaintiff, ASHLEY

WILSON, in Brevard County, Florida, Case No. 2013-CC-37987, seeking monetary relief based

on an alleged a default on a student loan with National Collegiate Student Loan Trust.

55.     On October 15, 2013, Defendants filed a Complaint against Plaintiff, JOHNNY I.

WILSON, in Brevard County, Florida, Case No. 2013-CC-37911, seeking monetary relief based

on an alleged a default on a student loan with National Collegiate Student Loan Trust.

56.     On October 15, 2013, Defendants filed a Complaint against Plaintiff, JOHNNY I.

WILSON, in Brevard County, Florida, Case No. 2013-CC-37986, seeking monetary relief based

*Ferrell, et al. v. Weinstein, Pinson, & Riley, P.S., et al.*
Page 12

_____

on an alleged a default on a student loan with National Collegiate Student Loan Trust.

57.    On October 15, 2013, Defendants filed a Complaint against Plaintiff,

JOHNNY I. WILSON, in Brevard County, Florida, Case No. 2013-CC-37987, seeking

monetary relief based on an alleged a default on a student loan with National Collegiate

Student Loan Trust. The foregoing alleged financial obligations are each a "debt" as that term is

defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

59.    In all of the lawsuits described in paragraphs 22 through 58 hereof,

Defendants used a standard form of Complaint each of which contained a Paragraph 12

stating:

> Pursuant to the 11 U.S.C. § 1692g(a) [sic]   and §559.552 Fla. Stat.,
> Defendant is informed that the undersigned law firm is acting on behalf of
> Plaintiff to collect the debt and that the debt referenced in this suit will be
> assumed to be valid and correct if not disputed in whole or in part within
> ***thirty (30) days from the date hereof.***    (emphasis added)

60.    The allegations described and reiterated in the preceding paragraph,

allegedly required by 15 U.S.C. § 1692g(a), are in fact not required at all.   This is because

a Complaint is not considered an "initial communication" for purposes of § 1692g(a).   See

15 U.S.C. § 1692g(d); *Vega v. McKay*, 351 F.3d 1334 (11th Cir. 2003).

61.    The statute cited in paragraph 12 of the form Complaint, 15 U.S.C. §

1692g(a)(3), actually reads:

> [A] statement that unless the consumer, within ***thirty days after receipt of the
> notice***, disputes the validity of the debt, or any portion thereof, the debt will
> be assumed to be valid by the debt collector . . .    (emphasis added)

*Ferrell, et al. v. Weinstein, Pinson, & Riley, P.S., et al.*
Page 13

62.     Defendants' allegations, unnecessarily included in each and every Complaint filed against the Plaintiffs herein, state that the Plaintiffs must dispute the alleged debt within thirty (30) days of the date of the lawsuit or the debt will be assumed valid by Defendants.

## IV.  CLASS ACTION ALLEGATIONS

63.     This action is brought on behalf of a class consisting of (i) all persons with addresses in the State of Florida (ii) upon whom the form Complaint containing a paragraph 12, similar to the one described and quoted above, was served or sent to (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) which were not returned undeliverable by the U.S. Post Office or unserved (v) during the one year period prior to the filing of the original complaint in this action through the date of certification (the "Class").

64.     Plaintiffs allege on information and belief based upon the Defendants' use of the form Complaint containing the language in paragraph 12 referred to and quoted above, that the class is so numerous that joinder of all members of the Class is impractical.   At a minimum, Plaintiffs believes the Class to be several hundred persons, and most likely in excess of 300.

65.     There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members.   The common factual issues common to each class member is that each was served with the form Complaint referred to above.   The principal legal issues are whether the allegations in paragraph 12 of the form Complaint described herein violate the FDCPA by deceiving and misleading consumers into filing a written dispute pursuant to the FDCPA and the time within which the dispute was to be filed.

66.     Plaintiffs' claims are typical of those of all of the class members.   All are based

*Ferrell, et al. v. Weinstein, Pinson, & Riley, P.S., et al.*
Page 14

_____

on the same facts and legal theories.

67.     Plaintiffs will fairly and adequately protect the interests of the class.   All
Plaintiffs have retained counsel experienced in handling actions involving unlawful practices
under the FDCPA and class actions.   Neither Plaintiffs nor their counsel have any interests which
might cause them not to vigorously pursue this action.

68.     Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil
Procedure is also appropriate in that:

a.     The questions of law or fact common to the members of the class predominate over
any questions affecting an individual member.

b.     A class action is superior to other available methods for the fair and efficient
adjudication of the controversy.

69.     Named Plaintiffs herein request certification of a class under Rule 23(b)(3), Federal
Rules of Civil Procedure, for monetary damages.

<br>

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

70.     The allegations in paragraphs 1 through 69 are incorporated by reference herein.

71.     Section 807 of the Fair Debt Collection Practices Act, 15 USC § 1692e,
provides as follows:

> A debt collector may not use any false, deceptive, or misleading
> representation or means in connection with the collection of any debt.
> Without limiting the general application of the foregoing, the following

*Ferrell, et al. v. Weinstein, Pinson, & Riley, P.S., et al.*
Page 15

conduct is a violation of this section:

\*          \*          \*          \*          \*

10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

72.     Defendants' allegations as set forth in paragraph 12 of the form Complaint suggest that a consumer must dispute the debt sued upon "within thirty (30) days of the date hereof," many consumers believe that they need to file a response to the Court, which is then deemed an Answer.    Once a consumer has filed an Answer, she/he have waived many of their legal rights, including but not limited to:

a.     the right to contest service of process;
b.     the right to seek a more definite statement;
c.     the right to file a motion to dismiss; and
d.     are consequently more vulnerable to any attempted summary judgment motion filed by Defendants.

73.     Defendants' allegations set forth in paragraph 12 of each and every complaint filed against the Plaintiffs herein suggest that the consumer must dispute the debt "within thirty (30) days from the date hereof" when 15 U.S.C. §1692(g) requires the thirty day period to run from the receipt of the notice and not the date of the lawsuit.

74.     In sum, the allegations in paragraph 12 of the form Complaint served on each of the Plaintiffs as alleged herein would be deceptive to the least sophisticated consumer with respect to theirs rights as both a consumer and a litigant and consequently violates 15 U.S.C. §§ 1692e, 1692e(10).

*Ferrell, et al. v. Weinstein, Pinson, & Riley, P.S., et al.*
Page 16

---

### TRIAL BY JURY

Plaintiffs are entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7, Fed.R.Civ.P.  38.

WHEREFORE, Plaintiffs prays for this Court:

a.      To declare that Defendants have violated the FDCPA;

b.      To award each Plaintiff actual damages sustained as a result of the Defendants' failure to comply with the FDCPA;

c.      To award each Plaintiff statutory damages not to exceed $1,000.00 against each Defendant;

d.      To award Plaintiffs reimbursement for such expenses as have been required to expend to prosecute this claim;

e.      To award Plaintiffs their reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

f.      To award such other and further relief as the Court deems proper.

### COUNT II
### FLORIDA CONSUMER COLLECTION PRACTICES ACT

75.     The allegations in paragraphs 1 through 69 are incorporated by reference herein.

76.     Each Plaintiff is an individual who resides in the State of Florida.

77.     Each of Plaintiffs is a "debtor" or "consumer" as defined by §559.55(2), Fla. Stat.

78.     Each Defendant is a person as defined in §1.01(3), Fla. Stat.

*Ferrell, et al. v. Weinstein, Pinson, & Riley, P.S., et al.*
Page 17

79.     Defendants have knowledge and control of the collection activities of its agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

80.     Defendant, WEINSTEIN, PINSON & RILEY, P.S., is a Professional Association, engaged in collecting debts in this state with its principal place of business located in Seattle, WA.

81.     Section 559.72 of the Florida Statutes provides, in part, as follows:

Prohibited practices generally. — In collecting consumer debts, no person shall:

         *                    *                    *                    *

(7)     Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

82.     Defendants have engaged conduct which can reasonably be expected to abuse or harass the Plaintiffs by communicating with the Plaintiffs in a deceptive and misleading manner.

83.     The tactics employed by Defendants have caused Plaintiffs considerable worry, embarrassment, frustration, anger, distress, and concern that these organizations would go to this extent to collect a debt.

84.     Plaintiffs' damages pursuant to Florida Statutes including §559.77 have continued and are continuing as of the filing of this complaint.

*Ferrell, et al. v. Weinstein, Pinson, & Riley, P.S., et al.*
Page 18

85.    All conditions precedent to the filing of this action have occurred, been fulfilled or waived.

86.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the alleged student loan debt.

87.    As a result of the above violations of the Florida Consumer Collection Practices Act, the Defendants are liable to the Plaintiffs for injunctive and declaratory relief and actual damages, statutory damages, and attorneys' fees and costs.

88.    Plaintiffs' damages pursuant to Florida Statutes including §559.77 have continued and are continuing as of the filing of this complaint.

89.    Plaintiffs are each a consumer and the obligation between the parties which is the debt owed pursuant to the subject note is a consumer debt as defined in Fla. Stat. §559.55(1).

90.    As a result of the above violations of the Florida Consumer Collection Practices Act, the Defendants are liable to the Plaintiffs for injunctive and declaratory relief and actual damages, statutory damages, and attorney's fees and costs.

91.    Defendants' actions have directly and proximately resulted in Plaintiffs' prior and continuous sustaining of damages as described by Fla. Stat. §559.77.

92.    Plaintiffs are entitled to damages under Fla. Stat. §559.77.

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendants for the following:

A.    Declaratory judgment that Defendants' conduct violated the Florida Consumer Collection Practices Act and declaratory and injunctive relief for the Defendant's violations of the FCCPA.

*Ferrell, et al. v. Weinstein, Pinson, & Riley, P.S., et al.*
Page 19

_____

B.   That Defendants be enjoined from any and all further illegal collection practice.

C.   Actual damages pursuant to Fla. Stat. §559.77(2).

C.   Statutory damages against each Defendant pursuant to Fla. Stat. §559.77(2).

D.   Costs and reasonable attorney's fees pursuant to Fla. Stat. §559.77(2).

G.   For such other and further relief as may be just and proper.

DATED this 23 December 2013.

N. James Turner, Esq.
Counsel for Plaintiffs
Florida Bar No. 0203041
37 N. Orange Avenue
Suite 500
Orlando, FL 32801
(888) 877-5103
Email address:   njtlaw@gmail.com